ELLEN S. FOGG, Adm'x, etc., v. HENRY T. YEATMAN, Guardian, etc.

1. MARRIED WOMAN. *Mortgage.* Where a *feme covert* joins with her husband in a mortgage, the words of conveyance and of covenant being those of both of the grantors, it will be construed as embracing whatever estate the married woman may have had in the premises conveyed, besides and beyond her dower and homestead interest.

2. SAME. *Registration. Notice.* Where a *feme covert,* under a written instrument, duly registered, holds a part of the property mortgaged, but is ignorant in fact of the existence of such paper, and without intention of fraud on the part of either mortgagors or mortgagee, and neither party knowing of the existence of such paper, she joins her husband in a mortgage, joining also in the words of conveyance and of covenant: *Held,* that the registration of the instrument under which she claims is not only notice to other persons but also notice to her, and that, consequently, her interest as a thing known to her passes under the mortgage.

FROM DAVIDSON.

Appeal from the Chancery Court at Nashville. W. F. COOPER, Ch.

EAST & FOGG for complainants.

W. B. REESE for defendants.

E. H. EWING, Sp. J., delivered the opinion of the court.

On the 19th of December, 1867, Godfrey M. Fogg and his wife, Ellen S. Fogg, executed a mortgage to Burrel Houston, administrator, etc., of A. W. Vanlier, on a house and lot on High street, in Nashville, to

secure a loan then made by said Houston of $10,000 to said Godfrey M. Fogg. The deed of mortgage is in the usual form with covenants of seizure and warranty, the words of conveyance and of covenant being those of both of the grantors. On the 30th of December, 1875, Mr. Fogg died, Mrs. Fogg surviving him. At his death the principal of this debt with a considerable amount of interest remained unpaid The debt had been in the meantime transferred to H. T. Yeatman, guardian for certain minor legatees of A. W. Vanlier. Mrs. Fogg administered on the estate of her husband, suggested its insolvency, and on the 20th of January, 1877, filed her bill in the chancery court at Nashville to have the estate administered under the law governing the estates of persons dying insolvent. Mr. Fogg's heirs and creditors were made parties, and among others, H. T. Yeatman, as guardian as aforesaid. The bill, among many other allegations unnecessary to mention, sets up a claim in her own right to a portion of the house and lot so mortgaged as aforesaid to Houston. This part of the bill was answered by Yeatman, denying this individual claim of Mrs. Fogg. Some deeds were filed which appear in the record, especially a copy of the mortgage deed, and thereupon the parties, by their attorneys, entered into an agreement as to the facts of the case bearing upon the claim of Mrs. Fogg set up as aforesaid. It was agreed, in substance, that G. M. Fogg bought the house and lot in December, 1843, of one Paine, took his deed, which was registered in January, 1844; that he paid $1,750 in cash, gave his notes, with V.

S. Stevenson as surety, at one, two and three years, each for $1,000, the total purchase money being $4,750; that V. S. Stevenson is Mrs. Fogg's brother; that on the 25th of January, 1844, G. M. Fogg executed and delivered to V. S. Stevenson a paper to the effect that he would convey to said Stevenson an interest in said lot of $1,500, Stevenson agreeing to pay for that amount on the notes thereafter to come due, to be held in trust for the sole and separate use and benefit of Mrs. Fogg, free of her husband's marital rights. The Paine deed and this paper were registered on the same day, the last following the first, on the same page. It was agreed that Stevenson would depose that he paid his share of said notes as agreed; that Mrs. Fogg would depose that in signing said mortgage she only intended to cut herself off from claiming dower in said lot in case of her husband's death before foreclosure, and that she knew nothing and had never heard of said paper until after her husband's death, when it was found among his papers, and that she would further depose that in signing said mortgage she did not intend to deceive Mr. Houston.

It was further agreed that G. M. Fogg and his wife lived together to his death, and that he supported and maintained her; that till a year or two before his death they resided in the house, and that after that it was rented, and that V. S. Stevenson resided in Nashville most of his time from 1844 to 1876, and was intimate with Mr. Fogg's family; that Burrel Houston was ignorant in fact, at the time he took said mortgage, of the paper between G. M. Fogg and

37—VOL. 6.

Stevenson; and that Fogg never made a deed in pursuance of said paper, and no steps have ever been taken to enforce it. It was further agreed that G. M. Fogg, shortly before his death, offered to Yeatman to give him the property for his debt, and that Yeatman verbally agreed to this, but the agreement thus made was not carried out. It was agreed that Houston, when he took the mortgage, relied upon its statements in regard to the state of the title. It was further agreed that "all the foregoing agreements were made subject to the competency of any or either as admissible evidence, and that neither waive any such objection and accept notice." The paper between Fogg and Stevenson, or a copy of it and a copy of the mortgage, were also made parts of the agreement.

The chancellor was of the opinion that Mrs. Fogg, under the paper in her favor, took $1,500, or six-nineteenths of the property, and so decreed. Yeatman appealed.

The question in this case is, whether Mrs. Fogg can claim against the statements and covenants of the mortgage executed by her husband and herself. It was duly executed, acknowledged and registered as to her. She joined in all the words of conveyance and in all the words of covenant. She is bound by it (even if the property had been her separate estate and she had intended to convey it), as held at the present term in the case of *Chadwell* v. *Wheless*, 6 Lea, 312, by this court, following authorities there cited. If the paper between her husband and Stevenson had not been registered, the case would have presented no dif-

ficulty, because her secret equity could in no event have been set up against her mortgage to Houston, who would have occupied the position of a *bona fide* purchaser without notice to the extent of the money advanced by him, and this, with interest, is now greatly beyond the value of the property. See case above cited, with authorities referred to.

But the paper was registered, and this was notice to Houston, though it was agreed he knew nothing in fact of the paper between Fogg and Stevenson. This notice is sufficient to exclude him from the character of *bona fide* purchaser; but while it does so and is thus held to be equivalent to knowledge, did he not take the deed of Mrs. Fogg in its present form to embrace her equitable claim and all others, and advance his money upon that basis? Had he not a right to assume her knowledge of her own claim, living as she did with her husband, and in the same town with her brother, with whom she was on intimate terms, and that she intended to give up all claim of every description to the property? If, then, the registration were to operate only as to Houston, and assuming Mrs. Fogg's actual ignorance of her rights, so far as her testimony could prove it, it would present a strong case in favor of her deed of mortgage as conveying her whole interest of whatever character in the property. In such a case she would be estopped by her deed and the circumstances of the case. The cases upon estoppel, as applied to married women, are many and not very easily reconcilable, and we should discuss them, perhaps, at some length if there

were ·nothing else in this case. We may remark, however, that the doctrine laid down by Mr. Washburn in his treatise on Real Property, vol. 3, third edition, p. 477, seems to be a safe one. He says, sec. 43: "This doctrine of estoppel by warranty applies to conveyances of their lands by married women joining with their husbands; for though in such cases the wife is not personally liable upon her covenant, she and those claiming under her are estopped, in the same manner as if she were a *feme sole,* against setting up an after-acquired title." The authorities cited by him seem all to agree that as to existing or contingent future interest in the property, her deed would operate as an estoppel.

.If this be the correct doctrine of estoppel by *deed,* with covenants of warranty, the evidence of the party alleging ignorance would be incompetent at all events, and in this case there is no other evidence. As to estoppel by matter *in pais,* the rule would be different.

It will be seen that nothing has been said of fraud, and indeed there is no pretense of fraud against anybody in the whole transaction, and the writer of this opinion takes pleasure in saying that the high character of all the parties concerned precludes any such an idea.

But if there were any doubt of the view already taken of this case, there is another that would seem to be conclusive.

The paper between Fogg and Stevenson having been registered, was notice to Mrs. Fogg, as well as to Houston, and though she says, and no doubt truly,

that she was in fact ignorant of its existence and remained so until her husband's death, yet she, of all persons, is to be held to the notice given to all the world by registration, and if this notice, as in the case of Houston, is to be held equivalent to knowledge, what is her deed but an intentional conveyance of this interest acquired by the paper given by her husband to Stevenson?

Sec. 2073 of the Code is as follows: "All of said instruments so registered, shall be notice to all the world," etc. And can it be that the very beneficiary of an instrument should be held an exception to this law. If this be so, it can only be in cases of married women; and why in their case? Their attitude of *femes covert* is no bar to their intelligence or means of information. The doctrine of notice may as well apply to them as others, and when applied in this case as the equivalent of knowledge, there is no pretense that Mrs. Fogg's deed did not carry her existing interest in the property to the mortgagee.

If, then, both Mrs. Fogg and Houston were ignorant in fact of her interest under the Fogg-Stevenson paper, Houston must prevail as *bona fide* purchaser, unless excluded by the doctrine of notice. But if this doctrine be applied, then Mrs. Fogg's interest as a thing known to her, passes under the mortgage.

The decree of the chancellor will be reversed with costs, and the cause be remanded for further proceedings.